# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, et al.

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order of the Federal Communications Commission

## MOTION OF THE SCHOOLS, HEALTH & LIBRARIES
## BROADBAND COALITION FOR LEAVE TO INTERVENE

Jason Neal
Sean A. Lev
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for the Schools, Health &
Libraries Broadband Coalition*

October 29, 2025

# CERTIFICATE OF INTERESTED PERSONS

## No. 25-60535, *Consumers' Research, et al. v. Federal Communications Commission and United States of America*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

(1) Petitioners are: Consumers' Research; Cause Based Commerce, Incorporated; Edward J. Blum; Kersten Conway; Suzanne Bettac; Robert Kull; Kwang Ja Kirby; Tom Kirby; Joseph Bayly; Jeremy Roth; Deanna Roth; Lynn Gibbs; Paul Gibbs; Rhonda Thomas; James Romeo; Cody Carnett; Phillip Aronoff; and Jacqueline Klein.

(2) Counsel for Petitioners are: R. Trent McCotter, Jared M. Kelson, and Laura B. Ruppalt of Boyden Gray PLLC.

(3) The Federal Communications Commission is a federal agency, and the United States of America is a respondent by statute.

(4) Counsel for the Federal Communications Commission are: Pamela Bondi, P. Michele Ellison, and Jacob Matthew Lewis. Counsel for the United States of America are: Pamela Bondi and P. Michele Ellison.

(5) Movant-Intervenor Schools, Health & Libraries Broadband Coalition is an incorporated 501(c)(3) public interest organization with over 300 members

who share the goal of promoting open, affordable, high-quality broadband for anchor institutions and their communities.  Its members include representatives of health care providers and networks, schools, libraries, state broadband offices, private sector companies, state and national research and education networks, and consumer organizations.  A complete list is available at http://shlb.org/about/coalition-members.  Schools, Health & Libraries Broadband Coalition is a non-profit corporation that has no owners or subsidiaries; accordingly, it has no parent corporation and no publicly held corporation owns 10% or more of its stock.

(6)  Counsel for Movant-Intervenor Schools, Health & Libraries Coalition are Jason Neal and Sean A. Lev of HWG LLP.

(7) Pursuant to Fifth Circuit Rule 28.2.1, the following describes the "large group of persons or firms" that are "financially interested in the outcome" of this litigation: Petitioners challenge the Federal Communications Commission's approval of the *Proposed Fourth Quarter 2025 Universal Service Contribution Factor*, Public Notice, DA 25-840, CC Docket No. 96-45 (rel. Sept. 15, 2025).  Telecommunications companies obligated to pay a percentage of their interstate end-user revenues to the Universal Service Fund based on the Contribution Factor are financially interested in the outcome of this litigation.  The Universal Service Fund pays for four

programs: the "Lifeline/Link Up" program, the "High-Cost" program, the "Schools and Libraries" program, and the "Rural Health Care" program. *See*, *e.g.*, Federal Communications Commission, *Universal Service Support Mechanisms*, https://www.fcc.gov/consumers/guides/universal-service-support-mechanisms (last visited Oct. 23, 2025). Direct beneficiaries of those programs, providers of services covered by those programs, and many other participants in the overall telecommunications industry are financially interested or potentially interested in the outcome of this litigation.

Dated: October 29, 2025

/s/ Jason Neal
Jason Neal

*Counsel of Record for Schools, Health & Libraries Broadband Coalition*

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................1

ARGUMENT .........................................................................................2

I. The Hobbs Act Provides the Controlling Standard for Intervention in This Case. ..............................................................................2

II. SHLB Coalition Satisfies the Hobbs Act Standard for Intervention...............4

III. SHLB Coalition Also Satisfies the Requirements of Federal Rule of Civil Procedure 24(a)(2), to the Extent They Are Relevant for Purposes of Federal Rule of Appellate Procedure 15(d)................................9

CONCLUSION .....................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Automobile Workers v. Scofield*,
  382 U.S. 205 (1965)..................................................................8

*Benmar Transp. & Leasing Corp. v. ICC*,
  623 F.2d 740 (2d Cir. 1980) ...............................................4

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ...............................................10, 11, 13

*Cameron v. EMW Women's Surgical Ctr.,
  P.S.C.*, 595 U.S. 267 (2022)..................................................8

*Consumers' Research v. FCC*,
  109 F.4th 743 (5th Cir. 2024) ...............................................11

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ...................................................11

*Entergy Gulf States La., LLC v. U.S. EPA*,
  817 F.3d 198 (5th Cir. 2016) ................................................10

*FCC v. Consumers' Rsch.*,
  145 S. Ct. 2482 (2025)....................................................6, 12, 13

*Gorss Motels, Inc. v. Safemark Sys., LP*,
  931 F.3d 1094 (11th Cir. 2019) .........................................2

*Illinois Bell Telephone Co v. FCC*,
  740 F.2d 465 (7th Cir. 1984) ..............................................3

*Kreit v. Quinn*,
  26 F.4th 285 (5th Cir. 2022) ...............................................9

*La Union del Pueblo Entero v. Abbott*,
  29 F.4th 299 (5th Cir. 2022) ................................................10, 13

*Rio Grande Pipeline Co. v. FERC*,
  178 F.3d 533 (D.C. Cir. 1999)............................................9

*Texas v. U.S. Dep't of Energy*,
754 F.2d 550 (5th Cir. 1985) ........................................................7, 8

*Texas v. United States*,
805 F.3d 653 (5th Cir. 2015) .............................................................10

*United Gas Pipe Line Co. v. FERC*,
824 F.2d 417 (5th Cir. 1987) ...............................................................3

*Va. House of Delegates v. Bethune-Hill*,
587 U.S. 658 (2019)..............................................................................9

*Wold Communications, Inc. v. FCC*,
735 F.2d 1465 (D.C. Cir. 1984)...........................................................3

## STATUTES

28 U.S.C. §§ 2341 *et seq.*...................................................................2

28 U.S.C. § 2348 ...............................................................1, 2, 3, 4, 9

47 U.S.C. § 254 ....................................................................................4

## RULES

5th Cir. R. 27.4....................................................................................1

Fed. R. Civ. P. 24(a)(2)...........................................................2, 10, 13

Fed. R. App. P. 15(d) ....................................................................1, 13

## COURT ORDERS

Order, *Consumers' Research v. FCC*, No. 22-60008
(5th Cir. Feb. 11, 2022)........................................................................6

Order, *Consumers' Research v. FCC*, No. 22-60195
(5th Cir. May 4, 2022) .........................................................................6

Order, *Consumers' Research v. FCC*, No. 24-60494
(5th Cir. Nov. 6, 2024).....................................................................6, 7

Order, *Consumers' Research v. FCC*, No. 24-60667
(5th Cir. Jan. 27, 2025) ....................................................................6, 7

Order, *Consumers' Research v. FCC*, No. 25-60164
  (5th Cir. Apr. 29, 2025) .................................................................6, 7

Order, *Consumers' Research v. FCC*, No. 25-60357
  (5th Cir. Aug. 11, 2025)................................................................6, 7

Order, *Consumers' Research. v. FCC*, No. 23-60525,
  2023 U.S. App. LEXIS 28785 (5th Cir. 2023) ................................7

## ADMINISTRATIVE MATERIALS

*Addressing the Homework Gap Through the E-Rate Program*, Order
  on Reconsideration, FCC 25-62, WC Docket No. 21-31,
  (rel. Sept. 30, 2025) .......................................................................12

Comments of the Schools, Health & Libraries Broadband (SHLB)
  Coalition, *In the Matter of Modernizing the E-rate Program for
  Schools and Libraries*, WC Docket No. 13-184
  (filed Sept. 27, 2021) .......................................................................6

Letter from SHLB Coalition et al. to Hon. Brendan Carr, Chairman,
  FCC, et al., WC Docket Nos. 13-184, 21-31 (filed Sept. 23, 2025)..................5

*Modernizing the E-Rate Program for Schools and Libraries*,
  Declaratory Ruling, FCC 25-63, WC Docket No. 13-184,
  (rel. Sept. 30, 2025) .......................................................................13

*Proposed Fourth Quarter 2025 Universal Service Contribution
  Factor*, Public Notice, DA 25-840, CC Docket No. 96-45
  (rel. Sept. 15, 2025) .........................................................................4

Reply Comments of SHLB Coalition, GN Docket No. 25-133, et al.
  (filed Apr. 28, 2025) ...................................................................... 5-6

## INTRODUCTION

Pursuant to 28 U.S.C. § 2348 and Federal Rule of Appellate Procedure 15(d), the Schools, Health & Libraries Broadband Coalition ("SHLB Coalition" or "SHLB") moves for leave to intervene in support of Respondents in the above-captioned case. Movant-Intervenor has contacted Petitioners and Respondents through their counsel. *See* 5th Cir. R. 27.4. Respondents consent to the relief sought herein; Petitioners have stated that they will oppose the motion. This motion is timely because Petitioners filed their Petition for Review in this Court on September 30, 2025, and this motion was filed within the 30-day period set out in Federal Rule of Appellate Procedure 15(d).

SHLB Coalition is an incorporated 501(c)(3) public interest organization with over 300 members, including numerous participants in and beneficiaries of Universal Service Fund ("USF") programs that would be harmed financially if Petitioners prevail. SHLB Coalition members also share the goal of promoting open, affordable, high-quality broadband for anchor institutions and their communities. Petitioners challenge the funding mechanism for the USF—which funds longstanding, vitally important programs that support affordable telecommunications and internet access service for rural health care providers, schools, and libraries nationwide. SHLB members participate in and reply upon each of those programs. In sum, the Petition, if successful, would do great harm to

both the pecuniary interests and the goals of SHLB Coalition and its members. *See* Declaration of Joseph Wender (attached as Appendix A).

SHLB Coalition seeks to intervene in this challenge to the FCC's adoption of the contribution factor for the fourth quarter of 2025 in order to protect those interests. *See* 28 U.S.C. § 2348. This Court has granted SHLB Coalition's motions pursuant to Section 2348 to intervene in numerous previous challenges by Petitioners to the Universal Service Fund, and it should do the same here. Because, as this Court has recognized, Section 2348 provides the controlling standard for intervention, the Court need not look to the factors in Federal Rule of Civil Procedure 24(a)(2). But even if the Court did consider those factors, it should grant the motion as in previous cases.

## ARGUMENT

### I. The Hobbs Act Provides the Controlling Standard for Intervention in This Case.

The Hobbs Act provides the governing law here. It both undergirds Petitioners' claim of the Court's jurisdiction over this petition (*see* Pet. for Review at 1, 3) and "establishes procedures to govern" review of agency proceedings "[f]rom beginning to end," including "describing the potential parties by right or intervention." *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1107 (11th Cir. 2019) (Pryor, J., concurring); *see* 28 U.S.C. §§ 2341 *et seq.* Of particular relevance, 28 U.S.C. § 2348 provides the controlling standard for intervention in

this case: "Communities, associations, corporations, firms, and individuals, whose interests are affected by the order of the agency, may intervene in any proceeding to review the order."

Consistent with that statutory language, this Court has concluded that, where the Hobbs Act applies, it provides the standard to determine intervention. In *United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 436-37 (5th Cir. 1987), for example, this Court cited Section 2348 as the basis for having granted a motion to intervene and "agree[d] with the Seventh Circuit's decision in" *Illinois Bell Telephone Co v. FCC*, 740 F.2d 465 (7th Cir. 1984), which relied on Section 2348 in the Hobbs Act to conclude that a party "was entitled to intervene in this proceeding because it has an interest in the outcome," even though the party could not challenge a part of the FCC order that the petitioners had not challenged. 740 F.2d at 477 (citing 28 U.S.C. § 2348).

Other circuit courts likewise cite Section 2348 in assessing a party's right to intervene. In *Wold Communications, Inc. v. FCC*, 735 F.2d 1465 (D.C. Cir. 1984), for example, the D.C. Circuit explained that "MCI's intervention in [one case before the court] . . . is supported by 28 U.S.C. § 2348, which provides that *any* person 'whose interests are affected by' the agency order may intervene in the proceeding for review.'" *Id.* at 1473 n.20; *see also, e.g.*, *Benmar Transp. &*

*Leasing Corp. v. ICC*, 623 F.2d 740, 743 n.7 (2d Cir. 1980) ("Consolidated has intervened pursuant to 28 U.S.C. § 2348.").[1]

## II. SHLB Coalition Satisfies the Hobbs Act Standard for Intervention.

SHLB Coalition readily satisfies Section 2348, as the interests of SHLB Coalition's members will be substantially affected by this Court's review of the Federal Communications Commission's approval of the USF contribution factor for the USF program for the fourth quarter of 2025 and by Petitioners' attempt to prevent the FCC from collecting all or part of those contributions to fund the USF program. *See generally Proposed Fourth Quarter 2025 Universal Service Contribution Factor*, Public Notice, DA 25-840, CC Docket No. 96-45 (rel. Sept. 15, 2025).

Petitioners' case has far-reaching implications: they not only challenge the constitutionality of particular provisions of 47 U.S.C. § 254 (the statute pursuant to which the FCC administers the Universal Service Fund), but also purport to call into question "thirty years" of FCC orders implementing Congress's direction. *See* Pet. for Review at 4-5; *see also* Comments and Objections of Consumers' Research et al. at 1, CC Docket No. 96-45 (filed Sept. 15, 2025) ("The

---

[1] Parties also routinely rely on Section 2348 as the basis for intervention in proceedings governed by the Hobbs Act, but court orders granting the intervention often simply note the grant of intervention without citing the basis (as in the previous iterations of Petitioners' challenges here).

Commission should set the *Fourth Quarter 2025 Universal Service Contribution Factor* at 0.000 or reduce the Factor by the amount accounted for by any unlawful portions."); *id.* at 23 ("USAC's role is unconstitutional, and the Commission can neither collect USF money nor spend it so long as USAC is involved.").

Relief for Petitioners would injure SHLB Coalition and the members it represents. *See* Declaration of Joseph Wender (attached as Appendix A). Many of SHLB Coalition's members receive funding support from critical USF programs. Health care providers that are SHLB Coalition members receive support through the Rural Health Care Support Mechanism, a program that allows rural health care providers to pay rates for telecommunications and advanced services similar to those of their urban counterparts, making telehealth services affordable. Its educational members receive support through the Schools and Libraries Support Mechanism, known as the "E-Rate" program, which provides telecommunications services, internet access, and connection equipment to eligible schools and libraries. Petitioners' challenges put the continued existence of these funding sources in jeopardy. In furtherance of those members' interests and support for the USF programs, SHLB Coalition regularly advocates before the Federal Communications Commission on USF-related matters.[2]

---

[2] *See*, *e.g.*, Letter from SHLB Coalition et al. to Hon. Brendan Carr, Chairman, FCC, et al., WC Docket Nos. 13-184, 21-31 (filed Sept. 23, 2025); Reply

This Court has granted each of SHLB Coalition's previous motions to intervene in Petitioners' numerous previous challenges: *See, e.g.*, Order, *Consumers' Research v. FCC*, No. 22-60008 (5th Cir. Feb. 11, 2022) (Oldham, J.) (granting SHLB Coalition's motion to intervene); Order, *Consumers' Research v. FCC*, No. 22-60195 (5th Cir. May 4, 2022) (Engelhardt, J.) (same); Order, *Consumers' Research v. FCC*, No. 24-60494 (5th Cir. Nov. 6, 2024) (Oldham, J.) (same); Order, *Consumers' Research v. FCC*, No. 24-60667 (5th Cir. Jan. 27, 2025) (Duncan, J.) (same); Order, *Consumers' Research v. FCC*, No. 25-60164 (5th Cir. Apr. 29, 2025) (Southwick, J.) (same); Order, *Consumers' Research v. FCC*, No. 25-60357 (5th Cir. Aug. 11, 2025) (Willett, J.) (same).

SHLB also filed a petition for a writ of certiorari regarding this Court's decision in Case No. 22-60008. *See SHLB Coalition, et al. v. Consumers' Research, et al.*, No. 24-422 (U.S. filed Oct. 11, 2024). The Supreme Court granted certiorari as to SHLB's and the government's separate petitions, consolidated the cases for briefing and argument, heard separate argument from the government and the intervenors, and ultimately reversed and remanded. *See FCC v. Consumers' Rsch.*, 145 S. Ct. 2482 (2025).

---

Comments of SHLB Coalition, GN Docket No. 25-133, et al. (filed Apr. 28, 2025); Comments of the Schools, Health & Libraries Broadband (SHLB) Coalition, *In the Matter of Modernizing the E-rate Program for Schools and Libraries*, WC Docket No. 13-184 (filed Sept. 27, 2021).

Petitioners expressed no opposition to SHLB Coalition's intervention in previous cases, but notified SHLB Coalition that they oppose its intervention here for the reasons Judge Wilson described in an order denying different parties' proposed intervention in one previous case.  In that order, Judge Wilson cited an earlier order from this Court that incorporated requirements from Federal Rule of Civil Procedure 24(a)(2) because Federal Rule of Appellate Procedure 15(d) "provides no standard for resolving intervention questions."  Order, *Consumers' Research v. FCC*, No. 23-60525, 2023 U.S. App. LEXIS 28785, at *1 (5th Cir. 2023) (Wilson, J.) (quoting *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985)).  Looking to those requirements, Judge Wilson concluded that the parties had not made a sufficient showing that the Respondents could not adequately represent their interests "beyond a cursory assertion" to that effect.  *Id.* at *2.  Notably, this Court granted has intervention to SHLB Coalition—which was not a subject of Judge Wilson's order—four times *after* that order was issued.  *See* Order, *Consumers' Research v. FCC*, No. 24-60494 (5th Cir. Nov. 6, 2024) (Oldham, J.); Order, *Consumers' Research v. FCC*, No. 24-60667 (5th Cir. Jan. 27, 2025) (Duncan, J.); Order, *Consumers' Research v. FCC*, No. 25-60164 (5th Cir. Apr. 29, 2025) (Southwick, J.); Order, *Consumers' Research v. FCC*, No. 25-60357 (5th Cir. Aug. 11, 2025) (Willett, J.).

That result makes sense because the concerns expressed in Judge Wilson's order are inapplicable here. Judge Wilson's decision did not address the Hobbs Act. That is significant because, as discussed above, unlike in some situations outside the Hobbs Act, Section 2348 provides the "standard for resolving intervention questions" in cases brought under the Hobbs Act. *Texas*, 754 F.2d at 551. The order in *Texas* cited the Supreme Court's decision in *Automobile Workers v. Scofield*, 382 U.S. 205 (1965), but that case's reasoning explains why looking to the Federal Rules of Civil Procedure for guidance is unnecessary here. In particular, the Court in *Automobile Workers* looked to those rules (among other considerations) only because the statute governing unfair-labor-practice proceedings was "silent" on the topic of intervention, leaving the Court "[l]acking a clear directive on the subject." *Id.* at 209-10; *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022) (citing *Automobile Workers* in support of seeking "guidance" from district-court intervention requirements in case "[w]ithout any rule that governs appellate intervention" given the lack of a "general standard to apply"). Here, by contrast, the absence of a standard for intervention in Rule 15(d) is immaterial given Congress's direction in Section 2348 for Hobbs Act cases. *See Automobile Workers*, 382 U.S. at 210

("Federal agencies are not fungibles for intervention purposes—Congress has treated the matter with attention to the particular statutory scheme and agency.").[3]

### III. SHLB Coalition Also Satisfies the Requirements of Federal Rule of Civil Procedure 24(a)(2), to the Extent They Are Relevant for Purposes of Federal Rule of Appellate Procedure 15(d).

Even if the Court were to look beyond Section 2348 and consider the Federal Rule of Civil Procedure 24(a)(2) factors, it should grant the motion to intervene. Whatever the result as to the different proposed intervenors, different facts, and different, "cursory," assertions as to why those parties satisfied the legal standard in the prior case where Judge Wilson denied intervention, all the Rule 24 factors are satisfied here: this motion is timely under Federal Rule of Appellate Procedure 15(d); SHLB Coalition has an interest relating to the USF that would be

---

[3] As discussed above, SHLB Coalition plainly satisfies Section 2348's requirement that its interests be "affected by the order of the agency." Courts have at times required an intervenor under Section 2348 supporting the *petitioner* also to have Article III standing. *See, e.g.*, *Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 539 (D.C. Cir. 1999) (explaining that Section 2348 "permits intervention" for "those who have Article III standing but failed to participate at the agency level"). SHLB Coalition need not demonstrate standing to support *Respondents* against Petitioners' challenge. *See Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019) (explaining that it was "not . . . incumbent on the House to demonstrate its standing" when participating "as an intervenor" or an appellee, as "neither role entailed invoking a court's jurisdiction"); *Kreit v. Quinn*, 26 F.4th 285, 294 (5th Cir. 2022) (citing *Bethune-Hill* among other authorities to reject argument that a party "seeking to *defend* an appeal" must "show he would have standing"). Even if SHLB Coalition needed to demonstrate Article III standing, its concrete interests on behalf of its members in the USF programs Petitioners challenge suffice. *See, e.g.*, Declaration of Joseph Wender.

impaired by an adverse decision in this case; and Respondents may not adequately represent SHLB Coalition's interests. *See* Fed. R. Civ. P. 24(a)(2).

To satisfy the inadequate-representation requirement, a party "'need not show that the representation by existing parties will be, for certain, inadequate,' but instead that it *may* be inadequate." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307-08 (5th Cir. 2022) (quoting *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015)). This burden, where it applies, is "minimal." *See*, *e.g.*, *Entergy Gulf States La., LLC v. U.S. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). This Court applies two "presumptions of adequate representation," neither of which applies here. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014).

"The first arises where one party is a representative of the absentee by law." *Id.* ("Here there is no suggestion that the state is the parents' legal representative."); *see also, e.g.*, *La Union del Pueblo Entero*, 29 F.4th at 308 (this "presumption arises when the existing party 'is a governmental body or officer charged by law with representing the interests' of the intervenor") (quoting *Texas*, 805 F.3d at 661). Neither Respondent is charged by law with representing SHLB Coalition's interests.

"The second presumption 'arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit,' in which event 'the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part

of the existing party to overcome the presumption.'" *Brumfield*, 749 F.3d at 345 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996)). Respondents and SHLB Coalition do not have the "same ultimate objective." *Id.* (internal quotation marks omitted). While both Respondents and SHLB Coalition have "vigorously oppose[d]" Petitioners' challenges to the USF programs, "their interests may not align precisely." *Brumfield*, 749 F.3d at 345. The government's interests in representing the public at large are different from the targeted interests of SHLB Coalition in pursuing its goals on behalf of its members.

Indeed, the Supreme Court already rejected arguments from Petitioners that the government adequately represents SHLB Coalition's interests. As noted above, the government and SHLB Coalition filed separate petitions for a writ of certiorari to this Court regarding the decision holding unlawful the contribution factor for the first quarter of 2022 in *Consumers' Research v. FCC*, 109 F.4th 743 (5th Cir. 2024) (en banc). In response, Petitioners urged the Supreme Court to hold the SHLB Coalition petition, citing Judge Wilson's order and arguing that there was "no reason to grant merits review of Intervenors' petition, as their interests are adequately represented by the government." Brief for the Respondents at 2-3, *SHLB Coalition v. FCC*, No. 24-422 (filed Oct. 16, 2024). The Supreme Court rejected that position and granted SHLB Coalition's petition alongside the government's. Consistent with their separate interests, SHLB and

the government submitted separate merits briefs to the Supreme Court, and the Court heard argument from both the government and the intervenors.

SHLB Coalition's intervention is arguably even more important here to protect its members' interests. Petitioners not only purport to challenge the constitutionality of some provisions of Section 254, but also claim that the FCC must actively reexamine "thirty years" worth of work in response to what Petitioners believe was a "drastic change in statutory meaning" by the Supreme Court's decision earlier this year upholding the constitutionality of USF against Petitioners' challenges. Pet. for Review at 4. Assuming *arguendo* that the petition for review properly presents such a broad-ranging inquiry, the divergence between Respondents' interests and SHLB's interests in responding to Petitioners here could be significant. *See, e.g.*, Declaration of Joseph Wender.

Take one example from Justice Gorsuch's dissent in *FCC v. Consumers' Research*: the FCC's decision in 2024 to include support in the E-Rate program for Wi-Fi hotspots. *See* 145 S. Ct. at 2531 (Gorsuch, J., dissenting). One month ago, the FCC granted a petition for reconsideration, ending that program over SHLB Coalition's objection *and* rejecting a SHLB Coalition request to delay the changes to the next fiscal year given significant reliance interests. *See Addressing the Homework Gap Through the E-Rate Program*, Order on Reconsideration, FCC 25-62, WC Docket No. 21-31, ¶ 1 n.5 (rel. Sept. 30, 2025). That recent experience

demonstrates that there may well be differences regarding the interpretation of Section 254 and its support for specific aspects of the USF programs in response to any of Petitioners' relevant arguments.[4]

Thus, "[t]hough we 'cannot say for sure that [Respondents'] . . . interests will *in fact* result in inadequate representation,' we can say that 'surely they might, which is all that [Rule 24(a)(2)] requires.'" *La Union del Pueblo Entero*, 29 F.4th at 309 (quoting *Brumfield*, 749 F.3d at 346) (reaching this conclusion even "[a]ssuming" that any presumption of adequate representation "applies"). Moreover, if the Court does consider the Federal Rule of Civil Procedure 24(a)(2) factors, it must account for the fact that, while that rule contains no time limit for intervention, Federal Rule of Appellate Procedure 15(d) requires intervention "within 30 days after the petition for review is filed." SHLB Coalition's ability to identify with certainty at this stage ways in which its interests and the governments

---

[4] The same day, the FCC also issued a declaratory ruling that "the provision of Wi-Fi on school buses is no longer eligible for E-Rate support" based on the FCC's new interpretation of Section 254. *Modernizing the E-Rate Program for Schools and Libraries*, Declaratory Ruling, FCC 25-63, WC Docket No. 13-184, ¶ 2 (rel. Sept. 30, 2025); *see also id.* ¶ 2 n.2 (rejecting SHLB Coalition request to delay changes to next fiscal year). SHLB Coalition intervened in a challenge to the FCC's previous declaratory ruling, supporting the FCC's interpretation of Section 254. *See Molak v. FCC*, No. 23-60641 (dismissed Oct. 17, 2025, after the FCC released its new declaratory ruling). *See generally Consumers' Research*, 145 S. Ct. at 2522 (Gorsuch, J., dissenting) (describing the FCC's earlier declaratory ruling).

will diverge is even more limited than in this Court's cases applying Federal Rule of Civil Procedure 24(a)(2) in other contexts.

## CONCLUSION

Section 2348 of the Hobbs Act entitles SHLB Coalition to intervene in this case, as it has in Petitioners' earlier challenges. If the Court nonetheless requires satisfaction of the Federal Rule of Civil Procedure 24(a)(2) factors, intervention still would be appropriate. Accordingly, SHLB Coalition respectfully requests that it be granted leave to intervene in support of Respondents.

Dated: October 29, 2025

Respectfully submitted,

/s/ Jason Neal
Jason Neal
Sean A. Lev
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for Schools, Health & Libraries Broadband Coalition*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman font. I further certify that the foregoing document complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,223 words according to the word-count feature of Microsoft Word.

/s/ Jason Neal
Jason Neal

# APPENDIX A

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| CONSUMERS' RESEARCH, et al. | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case No. 25-60535 |
| | ) | |
| FEDERAL COMMUNICATIONS | ) | |
| COMMISSION and UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### DECLARATION OF JOSEPH WENDER

I, JOSEPH WENDER, declare as follows:

1.    I am over 18 years of age and suffer from no legal incapacity.

2.    I have personal knowledge as to the matters stated herein.

3.    I am Executive Director for the Schools, Health & Libraries Broadband Coalition ("SHLB"), an incorporated 501(c)(3) public interest organization and movant-intervenor in Case No. 2560535. My office address is 1250 Connecticut Ave. NW, Suite 700, Washington, DC 20036.

4.    SHLB seeks to intervene in support of Respondents in this challenge to the FCC's adoption of the quarterly contribution factor for the Universal Service Fund ("USF") for the fourth quarter of 2025. *See Proposed Fourth Quarter 2025*

*Universal Service Contribution Factor*, Public Notice, DA 25-840, CC Docket No. 9645 (rel. Sept. 15, 2025).

5.      I am providing this Declaration to describe how the FCC's adoption of the quarterly contribution factor and the outcome of Petitioners' challenge in this case will significantly affect SHLB's interests and the interests of SHLB members. *See* 28 U.S.C. § 2348.

6.      SHLB has over 300 members, including numerous participants in and beneficiaries of USF programs that would be harmed financially if Petitioners were to prevail. The USF, through the amounts collected pursuant to the quarterly contribution factor, funds longstanding, vitally important programs that support affordable telecommunications and internet access service for rural health care providers, schools, and libraries nationwide. SHLB members participate in and reply upon each of those programs. If Petitioners were successful in challenging all or part of the quarterly contribution factor, it would do great harm to both the pecuniary interests and the goals of SHLB and its members.

7.      For example, health care providers that are SHLB members receive support through the Rural Health Care Support Mechanism, a program that allows rural health care providers to pay rates for telecommunications and advanced services similar to those of their urban counterparts, making telehealth services affordable. Its educational members receive support through the Schools and

2

Libraries Support Mechanism, known as the "E-Rate" program, which provides telecommunications services, internet access, and connection equipment to eligible schools and libraries. Petitioners' challenges put the continued existence of these funding sources in jeopardy.

8. This Court has granted each of SHLB's previous motions to intervene in Petitioners' previous challenges, and SHLB filed a petition for a writ of certiorari from this Court's previous en banc decision that the FCC's adoption of the contribution factor for the first quarter of 2022 was unconstitutional. The Supreme Court granted SHLB's petition, and SHLB filed briefs on the merits together with other parties that had intervened in this Court.

9. As in those previous challenges, SHLB seeks to intervene to protect its own interests and its members' interests in the USF programs implicated by Petitioners' challenge. To the extent it is relevant, Respondents cannot adequately represent the interests of SHLB and its members. In particular, the government's interests in representing the public at large are different, in certain aspects, from the targeted interests of SHLB in pursuing its goals on behalf of its members. That is especially relevant in this case, given that Petitioners claim the FCC must actively reexamine "thirty years" worth of work in the USF programs. Pet. for Review at 4. SHLB members' interests in particular USF programs are meaningfully different from Respondents' interests in certain aspects of the

3

programs. For example, the Federal Communications Commission recently ended

E-Rate program support for Wi-Fi hotspots over SHLB's objection. *See*

*Addressing the Homework Gap Through the E-Rate Program*, Order on

Reconsideration, FCC 25-62, WC Docket No. 21-31, ¶ 1 n.5 (rel. Sept. 30, 2025).


     I hereby declare under penalty of perjury that the foregoing is true and

correct.

Joseph Wender

Dated: October 29, 2025

4

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2025, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit. Service was accomplished on all parties or their counsel of record via CM/ECF.

/s/ Jason Neal
Jason Neal