# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INC.; EDWARD J. BLUM; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS; JAMES ROMEO; CODY CARNETT; PHILLIP ARONOFF; JACQUELINE KLEIN<br>                    *Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br>                    *Respondents* | No. 25-60535 |

## MOTION TO INTERVENE OF
## NTCA – THE RURAL BROADBAND ASSOCIATION

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association ("NTCA" or "Proposed Intervenor") hereby moves for leave to intervene in support of Respondents.

Pursuant to Fifth Circuit Rule 27.4, Proposed Intervenor has discussed this motion with counsel for Respondents, the Federal Communications Commission

1

("FCC") and the United States, as well as Petitioners. Petitioners have stated that they will oppose the motion. The FCC has stated that it consents.

Petitioners seek review of the FCC's *Proposed Fourth Quarter 2025 Universal Service Contribution Factor*, Public Notice, CC Docket No. 96-45, DA 25-840 (rel. Sept. 15, 2025) ("Proposed USF Contribution Factor") and the FCC's approval thereof (the "Approval"). The FCC's quarterly contribution factor, established through the Proposed USF Contribution Factor and Approval, is the percentage of telecommunications providers' covered revenues that must be paid into the Universal Service Fund ("USF"). *Id.* The federal universal service support mechanisms "ensure that basic communications services extend across the country." *FCC v. Consumers' Rsch.*, 145 S. Ct. 2482, 2493 (2025).

NTCA is a general cooperative association whose membership is composed of nearly 850 independent, family-owned, and community-based telecommunications companies providing voice and broadband services in rural areas. NTCA's members build and deliver connectivity and operate essential services in rural and small-town communities across the United States. NTCA's members use universal service funds to serve customers who would otherwise go unserved or who would face the prospect of paying rates for services far in excess of those available in urban areas.

Congress set forth in the Hobbs Act that associations "may intervene" where their interests are affected by the order of the agency. 28 U.S.C. § 2348; *see also* 47 U.S.C. § 402(a) (applying Hobbs Act procedures to most court challenges to FCC decisions). Proposed Intervenor may intervene because its interests, along with the interests of its members, are affected by the Proposed USF Contribution Factor and Approval.

USF support is critically important to NTCA and its rural member companies. For example, high-cost support enables rural carriers to deploy high-speed broadband networks and provide service at affordable rates to especially high-cost areas in the country, where population densities tend to average a handful of serviceable locations per square mile. *See, e.g.*, Broadband/Internet Availability Survey Report, NTCA, at 4 (Dec. 2024), https://www.ntca.org/sites/default/files/documents/2025-01/2024-broadband-internet-availability-report.pdf ("NTCA Broadband Survey"). USF support also helps cover the higher operating and equipment costs that rural carriers face because they lack the economies of scale characteristic of networks in more heavily populated areas. *See, e.g.*, *Fed.-State Joint Bd. on Universal Serv.*, Report and Order, 12 FCC Rcd 8776, 8918 (1997); *Promoting Telehealth in Rural Am.*, Report and Order, 34 FCC Rcd 7335, 7348 (2019). USF support for schools, libraries, and rural health care institutions is also important for NTCA members because they

3

provide services to the vast majority of primary and secondary schools, public libraries, and hospitals/medical clinics located in their rural service areas. *See* NTCA Broadband Survey at 11. A 2024 survey of NTCA members indicated that, without USF support, these businesses could be compelled to cancel almost two billion dollars' worth of rural broadband deployment projects in 2025 and 2026 alone. Press Release, NTCA, NTCA Survey Highlights Significant Risks of Skyrocketing Consumer Bills, Plummeting Broadband Investment & Loans in Peril if USF Support were Eliminated (Sept. 4, 2024), https://www.ntca.org/newsroom/press-releases/2024/4/ntca-survey-highlights-significant-risks-skyrocketing-consumer-bills.

Petitioners' challenge threatens the Proposed USF Contribution Factor and Approval and, more broadly, key USF programs as well as the system of administration on which USF depends. Accordingly, because NTCA and its members' interests are affected by the validity of the Proposed USF Contribution Factor and Approval, NTCA is entitled to intervene. 28 U.S.C. § 2348. This Court has consistently allowed NTCA and other industry associations to intervene in Petitioners' prior challenges to USF contribution factors that similarly threatened USF support.[1] *See, e.g.*, Order at 1, *Consumers' Rsch. v. FCC*, No. 23-60359 (5th

---

[1] While individual petitioners have changed slightly, Consumers' Research and Cause Based Commerce, Inc. were petitioners in the cited cases and are among the Petitioners here.

4

Cir. July 31, 2023); Order at 1, *Consumers' Rsch. v. FCC*, No. 22-60363 (5th Cir. Aug. 23, 2022); Order at 1, *Consumers' Rsch. v. FCC*, No. 22-60195 (5th Cir. May 9, 2022); Order at 1, *Consumers' Rsch. v. FCC*, No. 22-60008 (5th Cir. Feb. 4, 2022). It should again follow that sound approach, which comports with the Hobbs Act's plain statement that an association whose interests are affected "*may intervene*" in "*any* proceeding." 28 U.S.C. § 2348 (emphasis added); *see also Illinois Bell Tel. Co. v. FCC*, 740 F.2d 465, 477 (7th Cir. 1984) (stating that pursuant to the Hobbs Act an association is "entitled to intervene . . . because it has an interest in the outcome") (citation omitted); *United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 436-37 (5th Cir. 1987) (repeating the Seventh Circuit quote above favorably).

The Hobbs Act does not suggest that intervention is contingent on the inadequacy of government representation.[2] Nevertheless, to the extent relevant, there is no guarantee that the government will adequately protect the interests of NTCA and its members. At a high level of generality, the government and NTCA are aligned in support of USF and its lawfulness. But it is not always the case that

---

[2] *Cf. State of Tex. v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985) (considering the adequacy of government representation of a potential intervenor in the context of applying Rule 15(d)); Order at 2, *Consumers' Rsch. v. FCC*, No. 23-60525, 2023 WL 11951690 (5th Cir. Oct. 30, 2023) (Wilson, J.) (relying on *State of Tex. v. U.S. Dep't of Energy* to apply Rule 15(d) to reject different third parties' motion to intervene where movants "made no . . . showing here beyond a cursory assertion that 'Respondents will not be able to represent adequately all [their] interests'") (citation omitted). Judge Wilson's decision did not reference or weigh the Hobbs Act.

5

NTCA and its members see eye-to-eye with the FCC on the specifics of USF programs or administration. *See, e.g.*, *Connect America Fund: A National Broadband Plan for Our Future High-Cost Universal Service Support et al.*, Order on Reconsideration, 40 FCC Rcd 2378 (2025), https://docs.fcc.gov/public/attachments/DA-25-309A1.pdf (rejecting NTCA's request for the FCC to reconsider aspects of its implementation of a USF mechanism). Indeed, in the Petitioners' prior challenge before the Supreme Court, the government and other petitioners diverged on the fundamental characterization of USF contributions. *See FCC v. Consumers' Rsch.*, 145 S. Ct. at 2500 (stating that "carriers' main trade associations view the contributions as fees" whereas "[t]he Government, by contrast, sees 'genuine ambiguity' on the issue, but 'assum[es]' they are taxes") (citation omitted). Because it is foreseeable that the FCC and NTCA may likely make different choices in what aspects of USF to defend and how, this Court should allow NTCA to intervene even if the Court finds it necessary to evaluate the adequacy of government representation. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307-08 (5th Cir. 2022) (requiring only that "representation by existing parties . . . *may* be inadequate" for intervention pursuant to Federal Rule of Civil Procedure 24); *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014) (allowing intervention pursuant to Federal Rule of Civil Procedure 24 where "[w]e cannot say for sure that the state's . . . interests" in multiple goals as

6

compared to the intervenors' focus on a singular goal "will *in fact* result in inadequate representation, but surely they might, which is all that the rule requires").

Should any doubt remain, the Supreme Court has confirmed that NTCA may participate as a party when Petitioners challenge USF. NTCA and others petitioned for a writ of certiorari in response to this Court's decision in *Consumers' Rsch. v. FCC*, 109 F.4th 743 (5th Cir.) (*en banc*). Petitioners opposed, arguing that NTCA's and other intervenors' "interests are adequately represented by the government," and they specifically relied on *State of Tex.* and Judge Wilson's decision as the sole authorities in support of the argument. Brief for the Respondents at 2-3, *Sch., Health & Librs. Broadband Coalition v. FCC*, No. 24-422, 2024 WL 4546446 (U.S. Oct. 16, 2024). The Supreme Court nonetheless granted the petition, *see Sch., Health & Librs. Broadband Coal. v. Consumers' Rsch.*, 145 S. Ct. 587 (2024), and NTCA and other trade associations proceeded to file their own brief and reply and participate separately from the government in oral argument. *See generally FCC v. Consumers' Rsch.*, 145 S. Ct. at 2482.

Accordingly, Proposed Intervenor respectfully requests that this motion to intervene in support of Respondents be granted.

Dated: October 30, 2025

Respectfully submitted,

*/s/ Jennifer Tatel*
Jennifer Tatel
  *Counsel of Record*
Daniel H. Kahn
Tyler D. Dillon
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com
*Counsel for NTCA – The Rural Broadband Association*

CERTIFICATE OF INTERESTED PERSONS
Required By 5th Cir. R. 28.2.1

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 25-60535

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Petitioners

1. Consumers' Research. It has no parent corporation, and no public held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Edward J. Blum

4. Kersten Conway

5. Suzanne Bettac

6. Robert Kull

7. Kwang Ja Kirby

8. Tom Kirby

9. Joseph Bayly

10. Jeremy Roth

11. Deanna Roth

12. Lynn Gibbs

13. Paul Gibbs

14. Rhonda Thomas

15. James Romeo

16. Cody Carnett

17. Phillip Aronoff

18. Jacqueline Klein

<u>Respondents</u>

19. Federal Communications Commission

20. United States of America

<u>Intervenors</u>

21. National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association.  It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

22. Schools, Health & Libraries Broadband Coalition.  It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

23. Benton Institute for Broadband & Society.  It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

24. Center for Media Justice d/b/a MediaJustice. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

25. National Digital Inclusion Alliance. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Counsel

26. Boyden Gray PLLC: R. Trent McCotter, Jared M. Kelson, and Laura B. Ruppalt are counsel for Petitioners.

27. Federal Communications Commission: Jacob Matthew Lewis is counsel for Respondent FCC.

28. United States Department of Justice: Pamela Bondi is counsel for Respondent United States of America.

29. Wilkinson Barker Knauer, LLP: Jennifer Tatel, Daniel Kahn, and Tyler Dillon are counsel for Intervenor National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association.

30. HWG LLP: Jason Neal and Sean A. Lev are counsel for Intervenor Schools, Health & Libraries Broadband Coalition.

31. Andrew Jay Schwartzman, PLLC: Andrew Jay Schwartzman is counsel for Benton Institute for Broadband & Society, the National Digital Inclusion Alliance, and the Center for Media Justice d/b/a MediaJustice.

*/s/ Jennifer Tatel*
Jennifer Tatel

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    **X**  this document contains 1,452 words, **or**

    ☐  this brief uses a monospaced typeface and contains N/A lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    **X**  this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font, **or**

    ☐  this document has been prepared in a monospaced typeface using N/A with N/A.

*/s/ Jennifer Tatel*
Jennifer Tatel

Attorney for   NTCA – The Rural Broadband Association

Dated:  October 30, 2025

**CERTIFICATE OF SERVICE**

      I hereby certify that, on October 30, 2025, I electronically filed the foregoing Motion to Intervene and Circuit Rule 28.2.1 Certificate of Interested Persons with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

                                          */s/ Jennifer Tatel*
                                          Jennifer Tatel