IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, et al.  )
                             )
           Petitioners,      )
                             )
      v.                     )   No. 25-60535
                             )
FEDERAL COMMUNICATIONS       )
COMMISSION, et al.           )
                             )
           Respondents.      )

**PETITIONERS' OPPOSITION TO MOTIONS TO INTERVENE**

# **CERTIFICATE OF INTERESTED PERSONS**

No. 25-60535

*Consumers' Research et al. v. Federal Communications Commission et al.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Edward J. Blum

4. Kersten Conway

5. Suzanne Bettac

6. Robert Kull

7. Kwang Ja Kirby

8. Tom Kirby

9. Joseph Bayly

10. Jeremy Roth

11. Deanna Roth

12. Lynn Gibbs

13. Paul Gibbs

14. Rhonda Thomas

15. James Romeo

16. Cody Carnett

17. Phillip Aronoff

18. Jacqueline Klein

*Respondents*

19. Federal Communications Commission

20. United States of America

*Counsel*

21. Boyden Gray PLLC: R. Trent McCotter, Jared M. Kelson, and Laura B. Ruppalt are counsel for Petitioners.

22. Federal Communications Commission: D. Adam Candeub, Bradley Craigmyle, James M. Carr, and Jacob M. Lewis are counsel for Respondent Federal Communications Commission.

23. United States Department of Justice: Brett A. Shumate, Michael Raab, and Caroline Tan are counsel for Respondent United States.

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

# OPPOSITION TO MOTIONS TO INTERVENE

Petitioners oppose Movants' requests to intervene in support of Respondents. *See* ECF No. 10 (Motion of the Schools, Health & Libraries Broadband Coalition ("SHLB")); ECF No. 11 (Motion of the Benton Institute for Broadband & Society ("Benton"), the National Digital Inclusion Alliance ("NDIA"), and the Center for Media Justice ("Media Justice")); ECF No. 15 (Motion of the National Telecommunications Cooperative Association ("NTCA")).

As explained below, the Court should deny the motions for the reasons given by Judge Wilson in a prior order denying intervention under nearly identical circumstances. *See* Part I, *infra*. Movants claim Judge Wilson applied the wrong legal standard, but that is incorrect; in any event, intervention here is discretionary, and there are sufficiently thorny concerns about Movants' standing that the Court should deny intervention anyway. *See* Part II, *infra*.

## I. The Court Should Follow Judge Wilson's Prior Order, Which Correctly Denied Intervention.

Petitioners challenge the legality of various aspects of the Federal Communications Commission ("FCC")'s Universal Service Fund ("USF"). As the Court is likely aware, these challenges have been ongoing for years, with a new suit filed every quarter after the FCC sets a new taxing rate for the USF.

In a prior iteration of this series of challenges, a group of movants—including Benton, NDIA, and Media Justice—asked to intervene in support of Respondents.

Judge Wilson correctly denied intervention because "where, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative." *Consumers' Rsch. v. FCC*, No. 23-60525, 2023 WL 11951690, at *1 (5th Cir. Oct. 30, 2023) (Wilson, J., in chambers) (cleaned up) (quoting *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 553 (5th Cir. 1985)). In that case, the "movants … made no such showing" of any of those exceptions. *Id.*

The same is true here. Despite Movants' protestations to the contrary, there is no reason to believe there is adversity of interest between the FCC and Movants. The FCC has always fully defended the USF program against Petitioners' attacks, including even after the 2025 change in Administrations, when the Department of Justice's Acting Solicitor General argued for the legality of this program at the U.S. Supreme Court. That also confirms there has never been any collusion between Petitioners and the FCC, nor nonfeasance by the FCC.

Movants offer no reason to revisit this conclusion. They do not identify any concrete way in which Movants' and the FCC's interests in defending the USF program might diverge through the course of this litigation. Movants identify no particular argument or aspect of USF that they think Respondents will not vigorously defend. *See* ECF No. 10 at 12–13; ECF No. 11 at 14–15; ECF No. 15 at 5–6. And if

the FCC elects to narrow or eliminate a program in response to a decision by this Court here, Movants can participate in the related agency proceedings, and, if necessary, challenge that decision. *See, e.g.*, ECF No. 10 at 12, 13 n.4 (SHLB participated in FCC proceedings related to scope of E-Rate program).

Nor does it matter that the Supreme Court granted Movants' counsel ten minutes to argue alongside the FCC in a prior case challenging the USF. *Contra* ECF No. 10 at 11–12; ECF No. 11 at 11; ECF No. 15 at 7. Decisions about oral argument time are not determinations of inadequate representation. But even if they were relevant, it is far more significant that Movants always ceded their oral argument time to Respondents in the circuit court proceedings challenging the USF, including both at the panel and *en banc* stages before this Court, *see* No. 22-60008, as well as during panel arguments in the Sixth, Eleventh, and D.C. Circuits, *see* No. 21-3886 (6th Cir.); No. 22-13315 (11th Cir.); No. 23-1091 (D.C. Cir.). Clearly, Movants had no concerns about their interests diverging from Respondents' interests. Nothing has changed, except Respondents have now fully defended the USF even at the Supreme Court, confirming there is no realistic possibility of diverging interests.

Movants claim that the nature of proceedings has now changed. They claim that Petitioners' current challenge is broader than Petitioners' prior USF petitions, which allegedly "were directed solely at … non-delegation and private non-

6

delegation issues." ECF No. 11 at 12. But that is wrong. The petitions filed in the prior cases raised a bevy of arguments beyond non-delegation, just like the petition in this case. *See, e.g.*, Petition for Review, No. 22-60008 (5th Cir. Jan. 5, 2022) (raising Appointments Clause, statutory authority, and Administrative Procedure Act claims), Dkt. 1-1. To be sure, Petitioners later focused their challenge on certain aspects, but that is common, and they very well may do the same here.

In any event, Movant have not identified any argument Petitioners may make that Respondents would not vigorously refute. Accordingly, there is no good reason to deviate from Judge Wilson's well-reasoned order denying intervention in a prior iteration of these proceedings.

## II. Section 2348 of the Hobbs Act Does Not Displace Rules 15 and 24.

Movants suggest that the Hobbs Act's intervention provision—28 U.S.C. § 2348—fully displaces Federal Rule of Civil Procedure 24, which was the basis for Judge Wilson's order requiring potential intervenors to demonstrate that Respondents would not adequately defend the USF from Petitioners' challenges. *See* ECF No. 10 at 2–9; ECF No. 11 at 5–10; ECF No. 15 at 4–5. Movants are incorrect that the Court can simply elide an inquiry into adequacy of representation.

This Court has explained that intervention "in administrative appeals such as this one" involve "two considerations: … the statutory design of the [relevant] act *and … the policies underlying intervention in the trial courts pursuant to Fed. R.*

7

*Civ. P. 24.*" *Texas*, 754 F.2d at 551 (emphasis added). This Court's Local Rules reflect the same requirement: "A person who is not a party to a commission proceeding desiring to intervene" must file a motion "contain[ing] a concise statement of the moving party's interest, the grounds upon which intervention is sought, and *why the interest asserted is not adequately protected by existing parties.*" 5th Cir. Rule 15.3.3(b) (emphasis added).

Accordingly, § 2348 must be considered together with—rather than in lieu of—Rule 24 and its requirement to show inadequate representation when the respondent is the government. Judge Wilson was entirely correct to look to whether Respondents would adequately protect potential intervenors' interests, and he also correctly found that Respondents would do so. As explained above, that conclusion is even stronger now that the government has defended the USF at the highest levels and even after the change in Administrations.

In any event, the Court should still deny intervention. "Under 28 U.S.C. § 2348, only parties to the agency proceeding can intervene as of right, while intervention by a nonparty is discretionary." *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002). Movants did not participate in the agency proceedings below and thus can request only discretionary intervention. The Court should deny it because Movants are adequately represented by Respondents, and there has been no showing that "[a]llowing these carriers to intervene would not in any appreciable

way further complicate this litigation." *Montship Lines, Ltd. v. Fed. Mar. Bd.*, 295 F.2d 147, 152 (D.C. Cir. 1961). To the contrary, there is no benefit to the Court in having three additional, lengthy "merits" briefs from Movants making basically the same arguments as Respondents—as has occurred for years in prior iterations of these cases.

Discretionary intervention should be denied for the additional reason that there are serious questions about whether Movants must demonstrate standing under the Hobbs Act intervention provision. The D.C. Circuit has explained that "a prospective § 2348 intervenor *must have standing* to participate as an intervenor rather than only as an amicus curiae." *Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 538 (D.C. Cir. 1999) (emphasis added). This follows, says the D.C. Circuit, from the "language of § 2348 … [and] the general structure that Congress has provided for appellate review of agency action." *Id.* at 539.

A requirement to show standing makes logical sense in light of § 2348's provision that "any intervenor may prosecute, defend, or continue the proceeding unaffected by the action or inaction of the" government. 28 U.S.C. § 2348. That ability to take control of a case even despite the government's own wishes means that additional safeguards are warranted. Section 2348 doesn't distinguish based on which side a movant seeks to support, so the standing requirement applies to persons who seek to intervene on behalf of petitioners just as it applies to those who seek to

support the government. *City of Cleveland v. Nuclear Regul. Comm'n*, 17 F.3d 1515, 1516, 1518 (D.C. Cir. 1994) (requiring movant to show standing to intervene on behalf of the government).[1]

Movants have not shown they have standing. At the least, they have not shown injury that is "'certainly impending.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis removed). Movants argue that their members' funding *might* be reduced were Petitioners to prevail. *See* ECF No. 10 at 5, 9 n.3; ECF No. 11 at 2–3; ECF No. 15 at 3. But cuts to any particular program—let alone to a specific recipient—are speculative. Nor do any "expenses" Movants might incur for "revising [their] publications and educational materials" in response to changes to the USF qualify. ECF No. 11 at 3–5. Such changes are highly uncertain, and Movants' ordinary advocacy expenses to update their materials do not "differ from [Movants'] routine activities in the slightest" and so do are not a cognizable organizational injury. *La. Fair Hous. Action Ctr., Inc. v. Azalea Garden Props., LLC*, 82 F.4th 345, 352 (5th Cir. 2023) (cleaned up).

---

[1] The Fifth Circuit case cited by Movants, *United Gas Pipe Line Co. v. FERC*, 824 F.2d 417 (5th Cir. 1987), is not to the contrary, as it did not involve the Hobbs Act and concerned an issue subsequent to intervention, *id.* at 436–37 (considering whether intervenor in petition for review under the Natural Gas Act can raise additional issues). Similar is *Ruiz v. Estelle*, 161 F.3d 814 (5th Cir. 1998), which likewise did not involve the Hobbs Act. Movants also cite *Illinois Bell Telephone Co. v. FCC*, 740 F.2d 465 (7th Cir. 1984), but that case involved an intervenor who "was a party to the proceeding before the agency," *id.* at 477, and thus could intervene as of right under § 2348, *see Ala. Power*, 311 F.3d at 1366.

At the very least, given the unsettled questions about standing in this context, the far better course is to deny Movants' motions and instead grant them leave to file *amicus* briefs instead, as Judge Wilson's prior order allowed. *Consumers' Rsch.*, 2023 WL 11951690, at *1 (movants may "seek[] leave to 'present their views as *amicus curiae*'").

| | |
|---|---|
| November 6, 2025 | Respectfully submitted, |// hack

/s/ R. Trent McCotter
R. Trent McCotter
   *Counsel of Record*
Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
202-706-5488
tmcotter@boydengray.com

*Counsel for Petitioners*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,840 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14-point font.

Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel for Petitioners*
