IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INC.; EDWARD J. BLUM; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS; JAMES ROMEO; CODY CARNETT; PHILLIP ARONOFF; JACQUELINE KLEIN<br>*Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br>*Respondents* | No. 25-60535 |

**UNOPPOSED MOTION OF NTCA – THE RURAL BROADBAND ASSOCIATION FOR LEAVE TO FILE REPLY TO PETITIONERS' OPPOSITION TO MOTIONS TO INTERVENE**

National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association ("NTCA") requests leave to file the attached Reply to Petitioners' Opposition to Motions to Intervene ("Opposition"). Petitioners have consented to NTCA filing the Reply.

Fed. R. App. P. 27(a)(4) allows replies to responses to motions to be filed within seven days of service. Petitioners filed the Opposition on November 6, 2025. Accordingly, the Reply is permissible and timely, even setting aside the stay.

1

To the extent that this Motion for Leave is required, the Court should grant it. The Reply disputes factual assertions made in the Opposition, provides relevant Supreme Court and Fifth Circuit precedent not raised in the Opposition, and identifies crucial facts set forth in the Motion to Intervene that the Opposition did not address. Full consideration of these issues will aid the Court's consideration of whether to grant the Motion to Intervene. Moreover, NTCA did not anticipate and could not reasonably have anticipated the specific claims and arguments that Petitioners would make in their Opposition. For instance, Petitioners raised an unforeseen argument regarding standing in their Opposition. The attached Reply provides NTCA its sole opportunity to engage with Petitioners' arguments.

For these reasons, NTCA respectfully requests this Court grant NTCA leave to file the attached Reply.

Dated: November 13, 2025

Respectfully submitted,

/s/ Jennifer Tatel
Jennifer Tatel
   *Counsel of Record*
Daniel H. Kahn
Tyler D. Dillon
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com
*Counsel for NTCA – The Rural Broadband Association*

# CERTIFICATE OF INTERESTED PERSONS
## Required By 5th Cir. R. 28.2.1

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 25-60535

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Petitioners

1. Consumers' Research. It has no parent corporation, and no public held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Edward J. Blum

4. Kersten Conway

5. Suzanne Bettac

6. Robert Kull

7. Kwang Ja Kirby

8. Tom Kirby

9. Joseph Bayly

10. Jeremy Roth

11. Deanna Roth

12. Lynn Gibbs

13. Paul Gibbs

14. Rhonda Thomas

15. James Romeo

16. Cody Carnett

17. Phillip Aronoff

18. Jacqueline Klein

<u>Respondents</u>

19. Federal Communications Commission

20. United States of America

<u>Intervenors</u>

21. National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

22. Schools, Health & Libraries Broadband Coalition. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

23. Benton Institute for Broadband & Society. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

24. Center for Media Justice d/b/a MediaJustice. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

25. National Digital Inclusion Alliance. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Counsel

26. Boyden Gray PLLC: R. Trent McCotter, Jared M. Kelson, and Laura B. Ruppalt are counsel for Petitioners.

27. Federal Communications Commission: Jacob Matthew Lewis is counsel for Respondent FCC.

28. United States Department of Justice: Pamela Bondi is counsel for Respondent United States of America.

29. Wilkinson Barker Knauer, LLP: Jennifer Tatel, Daniel Kahn, and Tyler Dillon are counsel for Intervenor National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association.

30. HWG LLP: Jason Neal and Sean A. Lev are counsel for Intervenor Schools, Health & Libraries Broadband Coalition.

31. Andrew Jay Schwartzman, PLLC: Andrew Jay Schwartzman is counsel for Benton Institute for Broadband & Society, the National Digital Inclusion Alliance and the Center for Media Justice d/b/a MediaJustice.

*/s/ Jennifer Tatel*  
Jennifer Tatel

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   **X**   this document contains 229 words, **or**
   ☐   this brief uses a monospaced typeface and contains N/A lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   **X**   this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font, **or**

   ☐   this document has been prepared in a monospaced typeface using N/A with N/A.

*/s/ Jennifer Tatel*
Jennifer Tatel

Attorney for     NTCA – The Rural Broadband Association

Dated:  November 13, 2025

# CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2025, I electronically filed the foregoing Motion of NTCA – The Rural Broadband Association for Leave to File Reply to Petitioners' Opposition to Motions to Intervene with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Jennifer Tatel*
Jennifer Tatel

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INC.; EDWARD J. BLUM; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS; JAMES ROMEO; CODY CARNETT; PHILLIP ARONOFF; JACQUELINE KLEIN<br>    *Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br>    *Respondents* | No. 25-60535 |

**REPLY OF NTCA – THE RURAL BROADBAND ASSOCIATION
TO PETITIONERS' OPPOSITION TO MOTIONS TO INTERVENE**

Pursuant to Fed. R. App. P. 27(a)(4), National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association ("NTCA") hereby submits this Reply to Petitioners' Opposition to Motions to Intervene ("Opposition").

Critical aspects of Universal Service Fund ("USF") support and administration turn on the outcome of this case. NTCA plainly demonstrated in its Motion to Intervene ("Motion") that it satisfies the Hobbs Act standard for intervention. In their Opposition, Petitioners do not even attempt to rebut key, party-

1

specific facts in NTCA's Motion. The Opposition does not, for instance, address NTCA's unique position among the proposed intervenors as an industry trade association representing rural carriers that use USF support to deploy voice and broadband networks to connect Americans who otherwise would go unconnected. Indeed, Petitioners cite and speak to NTCA's Motion *only* in string cites of all proposed intervenors' motions.

The Motion showed that NTCA may intervene pursuant to the plain meaning of the Hobbs Act, which sets forth in the third sentence of its intervention provision that "associations . . . , whose interests are affected by the order of the agency, may intervene in any proceeding to review the order." 28 U.S.C. § 2348; *see* Mot. 3. Petitioners do not attempt to dispute NTCA's detailed showing of its and its members' interests in the underlying Federal Communications Commission ("FCC") proceeding and in the ongoing complete functioning of USF that this case threatens. Thus, intervention is warranted, and no further analysis is needed.

Nevertheless, Petitioners argue, based on an Eleventh Circuit case, that intervention is discretionary here because the second sentence of Section 2348 authorizes any party in interest in the proceeding before the agency whose interests will be affected to intervene of right. Opp. 8 (citing *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002)). But that sentence does not affect the plain

2

meaning of the intervention standard for associations set forth in the third sentence of Section 2348.

Regardless, NTCA satisfies the standard set forth in the second sentence of Section 2348. Though Petitioners assert otherwise, Opp. 8, a search in the FCC's publicly available and free-to-access online Electronic Comment Filing System ("ECFS") shows that NTCA has participated robustly in the proceeding at issue, FCC CC Docket No. 96-45, submitting over 500 filings since 1996, including as recently as September 2, 2025. *See* FCC EFCS, https://www.fcc.gov/ecfs (last visited Nov. 13, 2025).[1] Accordingly, NTCA may intervene pursuant to the second sentence of Section 2348.

Even if intervention is discretionary as Petitioners contend, this Court should find that intervention is warranted here pursuant to the Hobbs Act. NTCA members are deeply and distinctly affected by the FCC's quarterly contribution process and this case challenging it, *see* Mot. 2-4. Petitioners have not even attempted to show otherwise. Granting NTCA's Motion fits this Court's longstanding "broad policy favoring intervention." *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 291 n.4

---

[1] The FCC released the proposed USF contribution factor at issue in Docket No. 96-45. *Proposed Fourth Quarter 2025 Universal Service Contribution Factor*, CC Docket No. 96-45, DA 25-840 (rel. Sept. 15, 2025). Petitioners filed their Comments and Objections in the same docket. *See* Petitioners' Comments and Objections, CC Docket No. 96-45 (Aug. 8, 2025); Petitioners' Comments and Objections, CC Docket No. 96-45 (Sept. 15, 2025).

(5th Cir. 2025). More specifically, approving NTCA's intervention would track this Court's consistent practice of authorizing NTCA intervention in earlier cases, a point that Petitioners ignore by lumping NTCA in with other movants.[2] *See* Mot. 4-5, 7. Rather than engage with NTCA's Motion, Petitioners merely point to a single denial of a motion to intervene submitted by other entities (each of which were also granted leave to intervene by this Court in prior cases), not NTCA or even another industry association, and neglect to explain how this denial applies to NTCA specifically. *See* Opp. 4-5. Even if the one decision on which Petitioners depend were pertinent here, it would be an outlier that this Court need not and should not follow, just as the Supreme Court granted NTCA's and other parties' petition for a writ of certiorari despite Petitioners' attempt to rely on that case to oppose the grant. *See* Mot. 7.

In the context of the Hobbs Act, NTCA should not be required to overcome a presumption of adequacy of government representation. Even if the presumption is applicable here, NTCA has rebutted it. The Fifth Circuit requires only a "minimal" showing that there "may be" inadequate representation. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). "An intervenor can establish an adversity of interest," including when a presumption of adequate government representation applies, where the intervenor's "interests diverge from the putative representative's interests in a manner germane to the case." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299,

---

[2] In each such case, the government was a party, as here.

4

308 (5th Cir. 2022) (cleaned up). Here, the government must balance a wide variety of interests, while NTCA and its members have a distinct focus on support for rural carriers and the communities they serve. *See* Mot. 6 (showing that NTCA and the FCC sometimes do not see eye-to-eye on the specifics of USF). Petitioners have not even attempted to refute NTCA's specific claims with regard to adequacy of representation. *See id.* For instance, Petitioners ignore that the Motion set forth that NTCA and the government, in a separate case brought by Petitioners, *already* have diverged on a key issue: whether to characterize the USF Contribution Factor as a fee or a tax. *See* Mot. 6; *FCC v. Consumers' Rsch.*, 145 S. Ct. at 2500. In sum, NTCA may intervene even if a presumption of adequate government representation applies.

Finally, NTCA need not establish standing to intervene, notwithstanding Petitioners' half-hearted claim otherwise. *Cf.* Opp. 9 (stating that "there are serious questions about whether Movants must demonstrate standing"). The Supreme Court recently stated that the Third Circuit erred in inquiring into the standing of an intervenor where the government had standing and the government and the intervenor sought the same result. *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020); *see also Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019). Petitioners do not mention *Little Sisters*. Even prior to that case, this Court has "not require[d] intervenors to

5

independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998); *see also Texas v. United States*, 945 F.3d 355, 377 (5th Cir. 2019) (applying *Ruiz* to allow intervenor in support of challenged government program to participate without the need to examine the intervenor's standing), *rev'd on other grounds*, *California v. Texas*, 593 U.S. 659 (2021). Petitioners cite a D.C. Circuit case to support their standing argument, Opp. 9, but that case expressly disagreed with *Ruiz* and predated *Little Sisters*. *See Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 538 (D.C. Cir. 1999) (identifying circuit split and siding with those circuits that require standing). Nothing in the Hobbs Act suggests a distinct standard of standing applies here.[3] Petitioners' challenge engenders an Article III case or controversy; and even as differences are reasonably foreseeable, the FCC and NTCA seek the same result. Thus, NTCA need not establish standing.

In any event, NTCA clearly has standing on its own. To establish standing, a party must show an injury in fact, causation, and redressability. *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 111 (2025). NTCA has shown, and

---

[3] Petitioners suggest that standing should be required because the Hobbs Act allows an intervenor to maintain the case without the government, Opp. 9, but that circumstance is not presented here.

Petitioners do not dispute, that USF provides vital economic support to NTCA members. Mot. 3-4. Petitioners have asked this Court to vacate the quarterly contribution factor and hold unlawful key aspects of USF programs and administration, posing a substantial and imminent threat to NTCA members receiving complete and timely USF payment.[4] *See* Pet. 3-5. A victory for Petitioners would therefore cause an economic injury to NTCA and its members, which can be redressed by this Court ruling against Petitioners. *See United States v. Texas*, 599 U.S. 670, 676 (2023) ("Monetary costs are of course an injury."); *cf. City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000) (court judgment creates an injury to the defendant sufficient to create an Article III case or controversy).

---

[4] Petitioners assert that NTCA must show that injury is "certainly impending." Opp. 10 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). However, the Supreme Court has made clear that parties have standing "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Department of Commerce v. New York*, 588 U.S. 752, 767 (2019); *see also Diamond Alternative Energy*, 606 U.S. at 116 (finding standing where direct government regulation of a business "may be likely" to cause injuries to other linked businesses that brought the challenge).

## CONCLUSION

For these reasons and those stated in its Motion to Intervene, NTCA respectfully requests that the Court grant its Motion to Intervene.

Dated: November 13, 2025                Respectfully submitted,

*/s/ Jennifer Tatel*
Jennifer Tatel
   *Counsel of Record*
Daniel H. Kahn
Tyler D. Dillon
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com
*Counsel for NTCA – The Rural Broadband Association*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   **X**    this document contains 1,572 words, **or**
   ☐    this brief uses a monospaced typeface and contains N/A lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   **X**    this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font, **or**

   ☐    this document has been prepared in a monospaced typeface using N/A with N/A.

*/s/ Jennifer Tatel*
Jennifer Tatel

Attorney for    NTCA – The Rural Broadband Association

Dated:   November 13, 2025

# CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2025, I electronically filed the foregoing Reply of NTCA – The Rural Broadband Association to Petitioners' Opposition to Motions to Intervene with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Jennifer Tatel*
Jennifer Tatel