No. 25-60535

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, et al.

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order of the Federal Communications Commission

## REPLY IN SUPPORT OF MOTION OF THE SCHOOLS, HEALTH & LIBRARIES BROADBAND COALITION FOR LEAVE TO INTERVENE

Jason Neal
Sean A. Lev
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for the Schools, Health & Libraries Broadband Coalition*

November 13, 2025

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

ARGUMENT ........................................................................................1

I.    The Hobbs Act Provides the Controlling Standard for Intervention in This Case. ....................................................................................1

II.   Petitioners' Arguments Regarding Standing Are Wrong................................4

III.  SHLB Coalition Also Satisfies the Requirements of <u>Federal Rule of Civil Procedure 24</u> to the Extent They Are Relevant....................................7

CONCLUSION ...................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Alabama Power Co. v. FCC,*
311 F.3d 1357 (11th Cir. 2002) ..........................................................3

*Automobile Workers v. Scofield,*
382 U.S. 205 (1965)...........................................................................3

*City of Cleveland v. NRC,*
17 F.3d 1515 (D.C. Cir 1994)..........................................................5-6

*Entergy Gulf States La., LLC v. EPA,*
817 F.3d 198 (5th Cir. 2016) .............................................................7

*Kreit v. Quinn,*
26 F.4th 285 (5th Cir. 2022) ..............................................................5

*La Union del Pueblo Entero v. Abbott,*
29 F.4th 299 (5th Cir. 2022) ..............................................................7

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania,*
591 U.S. 657 (2020)...........................................................................5

*Rio Grande Pipeline Co. v. FERC,*
178 F.3d 533 (D.C. Cir. 1999)............................................................5

*Ruiz v. Estelle,*
161 F.3d 814 (5th Cir. 1998) ..............................................................5

*SHLB Coalition v. Consumers' Rsch.,*
145 S. Ct. 587 (2024)..........................................................................8

*Texas v. United States Dept. of Energy,*
754 F.2d 550 (5th Cir. 1985) ..........................................................2, 3

*Texas v. United States,*
805 F.3d 653 (5th Cir. 2015) ..............................................................7

*Va. House of Delegates v. Bethune-Hill,*
587 U.S. 658 (2019)........................................................................5, 6

**STATUTES**

28 U.S.C. § 2348 ........................................................................1, 4

**RULES**

5th Cir. R. 15.3 ...............................................................................2

Fed. R. App. P. 15(d) .......................................................................7

**INTRODUCTION**

As Petitioners themselves note, they have been bringing these

"challenges . . . for years."  Opp. 4.  Over those years, every time Movant Schools,

Health & Libraries Coalition ("SHLB" or "SHLB Coalition") has sought to

intervene, this Court has granted SHLB's motion.  *See* SHLB Mot. 6.  Moreover,

the Court has done so repeatedly, in orders issued by four different Judges, after

Judge Wilson once denied intervention to a *different* party that had provided only

"cursory" support for its position.  *See id.* at 7 (collecting decisions).

Petitioners have provided no reason for the Court to break with its consistent

decisions as to the appropriateness of SHLB Coalition's intervention here.  On the

contrary, their arguments disregard and misread rules and precedent from this

Court and the Supreme Court.

**ARGUMENT**

**I.   The Hobbs Act Provides the Controlling Standard for Intervention in This Case.**

Petitioners have no answer to the plain and controlling text of 28 U.S.C.

§ 2348.  In language they never quote, that provision states that "[c]ommunities,

associations, corporations, firms, and individuals, whose interests are affected by

the order of the agency, may intervene in any proceeding to review the order."

Petitioners do not dispute that SHLB Coalition meets the standard laid out in the

text of Section 2348, nor could they, as SHLB Coalition is an "association" whose

interests are "affected" by the relevant FCC decision, which determines the amount of funding that will be collected for programs on which many SHLB Coalition members rely. *See* Decl. of Joseph Wender, Ex. A to SHLB Motion ¶¶ 5-9 ("Wender Decl."). Indeed, SHLB Coalition members participate in and directly receive funding from Universal Service Fund ("USF") programs. *See* Mot. 1.

Unable to come to terms with the text of Section 2348, Petitioners instead mischaracterize this Court's rules and precedent to suggest that Section 2348 does not mean what it says. They quote part of Fifth Circuit Rule 15.3.3 (Opp. 8), but ignore the fact that it explicitly applies only to Federal Energy Regulatory Commission cases. Rule 15.3 is entitled "Proceedings for Review of Orders of the Federal Energy Regulatory Commission." That rule is thus irrelevant here.

Similarly, Petitioners quote (at 7-8) *Texas v. United States Dept. of Energy*, 754 F.2d 550, 551 (5th Cir. 1985), to suggest that this Court looks to Federal Rule of Civil Procedure 24 in cases "such as this one." But they disregard the fact that the *Texas* Court did so because that case—*unlike* this one—did not involve a statute that, like the Hobbs Act, creates a governing standard to determine intervention. *See* 754 F.2d at 551 ("Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one. *That rule provides no standard for resolving intervention questions*, but the Court has identified two considerations . . . .") (emphasis added). As SHLB Coalition

explained in its Motion (at 8)—in a discussion that Petitioners again notably ignore—that understanding is confirmed by *Texas*'s reliance on *Automobile Workers v. Scofield*, 382 U.S. 205 (1965). *See* 754 F.2d at 551. In *Automobile Workers*, the Supreme Court looked to Federal Rule of Civil Procedure 24 because there too—but, again, unlike this case—the relevant statute was "silent" as to intervention and thus "lack[ed] a clear directive on the subject." 382 U.S. at 209-10.

Although Petitioners cite (at 8) *Alabama Power Co. v. FCC*, 311 F.3d 1357 (11th Cir. 2002), for the proposition that intervention in this context is "discretionary," the actual issue in that out-of-circuit case was whether nonparties to agency proceedings could file their own petitions for review. *See id.* at 1366 ("The petition for review filed by Gulf Power is also defective because petitions for review may be filed only by parties to an agency proceeding."). Beyond that, even by its terms, that case does not suggest that the exercise of discretion under the Hobbs Act involves the Rule 24 factors, as Petitioners advocate here. Moreover, Petitioners (at 8) are incorrect that SHLB Coalition has not "participate[d] in the agency proceedings below" for purposes of the second sentence of 28 U.S.C. § 2348, as SHLB Coalition has filed many times on the

docket (CC Docket No. 96-45) under which the FCC issued the order at issue here.[1]

In any event, there is no basis for this Court to exercise any discretion in this case differently than it has in all six prior instances where SHLB Coalition sought to intervene in this series of cases. *See also infra* at 8-9 (explaining that the issues affecting SHLB Coalition are actually broader here than in prior cases). And while Petitioners suggest (Opp. 8-9) that intervention here will involve multiple "lengthy" briefs, SHLB Coalition has no interest in filing repetitive briefs, and SHLB Coalition will coordinate with other intervenors on briefing to the greatest extent possible, as intervenors did in the Supreme Court where they filed a single joint petition for certiorari and two complementary opening and reply briefs.

## II. Petitioners' Arguments Regarding Standing Are Wrong.

Petitioners suggest (at 9) that there are "serious questions" about SHLB Coalition's standing that make intervention inappropriate here. There are no such questions.

This Court has long understood that constitutional standing is not an issue for intervenors: "We find the better reasoning in those cases which hold that

---

[1]  *See* FCC, ECFS, https://www.fcc.gov/ecfs/search/search-filings/results?q=(proceedings.name:(%2296-45%22)+AND+filers.name:(%22shlb%22)) (last accessed Nov. 12, 2025) (listing SHLB Coalition filings on this docket).

Article III does not require intervenors to possess standing." *Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998). And both this Court and the Supreme Court have recently reiterated this conclusion as applied to intervenors like SHLB Coalition, which seek to *defend*, not attack, a decision by a court or agency. *See Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020) (concluding that Third Circuit "erred by inquiring into the Little Sisters' independent Article III standing" where the government already "had standing to invoke the Third Circuit's appellate jurisdiction"); *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019) (explaining that it was "not . . . incumbent on the House to demonstrate its standing" when participating "as an intervenor" or an appellee, as "neither role entailed invoking a court's jurisdiction"); *Kreit v. Quinn*, 26 F.4th 285, 294 (5th Cir. 2022) (citing *Bethune-Hill* among other authorities to reject argument that a party "seeking to *defend* an appeal" must "show he would have standing").

Thus, regardless of whether Section 2348 itself "distinguish[es] based on which side the movant seeks to support," Opp. 9, the law is clear that, for proposed intervenors seeking to support a defendant (or respondent), standing analysis does not apply. The two out-of-circuit cases Petitioners rely upon to create a requirement of Article III standing for intervention under Section 2348, *Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533 (D.C. Cir. 1999), and *City of*

*Cleveland v. NRC*, 17 F.3d 1515 (D.C. Cir 1994), predate *Bethune-Hill* and *Kreit*, and thus do not reflect the binding law in this Circuit. Indeed, while Petitioners suggest that importing an Article III standing requirement here is warranted because an intervenor under Section 2348 could continue to litigate a case separate from the government, *see* Opp. 9, *Bethune-Hill* specifically states that such a requirement is not appropriate before the intervenor itself seeks to invoke a court's jurisdiction. *See* 587 U.S. at 663 (requirement to demonstrate standing arose "when the House alone endeavored to appeal from the District Court's order . . . thereby seeking to invoke this Court's jurisdiction").

Even if SHLB Coalition were required to demonstrate standing by establishing a threat of "impending" harm from Petitioners' case (Opp. 10), it has done so. Petitioners' filing ignores the fact that they purport to seek to bar the FCC from obtaining any contributions at all to support USF programs. Their comments to the FCC argued that "the Commission should set the Fourth Quarter 2025 Contribution Factor at 0.000," Comments and Objections of Consumers' Research, et al, at 1, CC Docket No. 96-45 (filed Sept. 15, 2025), and they have asked this Court to "vacate" what they call the "USF Tax Factor" (that is, the contribution factor) that the FCC set for the quarter at issue. Pet. for Review 5. If, as Petitioners claim, they can appropriately seek such relief here, it is hardly "speculative" or "highly uncertain," Opp. 10, that preventing *any* such collections

would create near-term harm to SHLB Coalition and its members, who receive support from that same fund.  *See* Wender Decl. ¶ 7.  Thus, assuming *arguendo* that Petitioners' claims are properly presented, the relief they seek, if accepted, directly threatens significant harm to SHLB Coalition.

## III.    SHLB Coalition Also Satisfies the Requirements of <u>Federal Rule of Civil Procedure 24</u> to the Extent They Are Relevant.

Even if SHLB Coalition were required to meet the requirements of <u>Federal Rule of Civil Procedure 24(a)(2)</u>, those requirements are met here.  Petitioners contest only the adequacy-of-representation prong, but SHLB Coalition's burden is not heavy as to that factor.  Petitioners notably do not contest SHLB's showing, *see* Mot. 10, that in this Court a party "'need not show that the representation by existing parties will be, for certain, inadequate,' but instead that it *may* be inadequate."  *La Union del Pueblo Entero v. Abbott*, <u>29 F.4th 299, 307-08</u> (5th Cir. 2022) (quoting *Texas v. United States*, <u>805 F.3d 653, 661</u> (5th Cir. 2015)).  This burden, where it applies, is "minimal."  *Entergy Gulf States La., LLC v. EPA*, <u>817 F.3d 198, 203</u> (5th Cir. 2016).  And that bar should be particularly low in direct-review cases such as this one, where (unlike in district-court litigation under Rule 24(a)(2)) SHLB Coalition must seek to intervene within thirty days of the filing of the petition for review, and thus before briefs have been filed.  *See* Mot. 13-14; <u>Fed. R. App. P. 15(d)</u>.

Consistent with that analysis, this Court has never concluded in any of the prior cases in this series that the FCC would so clearly represent SHLB Coalition's interest that intervention should be denied. The Supreme Court has similarly rejected the exact argument based on Judge Wilson's order that Petitioners raise again here. *See* Mot. 11-12. Petitioners attempt to minimize the Supreme Court's conclusion, focusing only on that Court's allowance of oral argument time. *See* Opp. 6 ("Decisions about oral argument time are not determinations of inadequate representation."). But Petitioners have no response to the Supreme Court's earlier decision—over Petitioners' objection on the same adequate-representation ground they raise here, citing Judge Wilson's order as to parties other than SHLB—to grant the intervenors' separate petition, so that they were able to file their own merits briefing separate and apart from the government. *See SHLB Coalition v. Consumers' Rsch.*, 145 S. Ct. 587 (2024) (granting certiorari).

Given these consistent prior determinations, it is not SHLB Coalition's burden to show that the "nature of these proceedings has now changed." Opp. 6. SHLB Coalition seeks intervention here, just as it has in the unbroken series of cases in which this Court has granted its previous motions. In any event, the nature of the case has in fact changed, because, for the first time, the petition for review challenges the FCC's analyses in "thirty years" of USF decisions based on what Petitioners believe was a "drastic change in statutory meaning" by the Supreme

8

Court's decision earlier this year upholding the constitutionality of USF against Petitioners' challenges.  Pet. for Review 4.

Contrary to Petitioners' assertion, SHLB Coalition has shown a "concrete" way that SHLB's interests "might diverge," Opp. 5, as to those statutory arguments, because just this year the FCC has interpreted the scope of the USF statute in ways that differ substantially from SHLB Coalition's understanding.  *See* Mot. 12-13 & n.4 (explaining how the FCC has rejected SHLB's statutory arguments this year as to USF support for Wi-Fi hotspots and Wi-Fi access points on school buses).  And Petitioners' suggestion (at 6) that SHLB Coalition could "participate in the related agency proceedings" to protect its interests ignores that a decision from this Court as to the meaning of the statute—based in part on the FCC's litigating positions—could directly affect both (1) the collection of funding for USF programs and (2) the scope and outcome of any FCC proceedings in the wake of such a decision.

## CONCLUSION

The Court should grant SHLB Coalition's motion to intervene in support of Respondents.

Dated: November 13, 2025

Respectfully submitted,

/s/ Jason Neal
Jason Neal
Sean A. Lev
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for Schools, Health &
Libraries Broadband Coalition*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman font. I further certify that the foregoing document complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,065 words according to the word-count feature of Microsoft Word.

/s/ Jason Neal
Jason Neal

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2025, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit. Service was accomplished on all parties or their counsel of record via CM/ECF.

/s/ Jason Neal
Jason Neal