No. 25-60535

—————————————————————————

# In the United States Court of Appeals for the Fifth Circuit

—————————————————————————

**CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INC.; EDWARD J. BLUM; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS; JAMES ROMEO; CODY CARNETT; PHILLIP ARONOFF; JACQUELINE KLEIN,**

*Petitioners,*

v.

**FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,**

*Respondents.*

—————————————————————————

Petition for Review of an Order of the
Federal Communications Commission
Agency No. 96-45

—————————————————————————

## RECORD EXCERPTS

—————————————————————————

Michael Buschbacher
Jared M. Kelson
James R. Conde
Laura B. Ruppalt
   *Counsel of Record*
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
202-955-0620
lruppalt@boydengray.com
*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 25-60535

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1.   Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2.   Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3.   Edward J. Blum

4.   Kersten Conway

5.   Suzanne Bettac

6.   Robert Kull

7.   Kwang Ja Kirby

i

8.    Tom Kirby

9.    Joseph Bayly

10.   Jeremy Roth

11.   Deanna Roth

12.   Lynn Gibbs

13.   Paul Gibbs

14.   Rhonda Thomas

15.   James Romeo

16.   Cody Carnett

17.   Phillip Aronoff

18.   Jacqueline Klein

*Respondents*

19.   Federal Communications Commission

20.   United States of America

*Intervenors*

1.    Schools, Health & Libraries Broadband Coalition

2.    Benton Institute for Broadband & Society

3.    National Digital Inclusion Alliance

4.    Center for Media Justice (d/b/a MediaJustice)

5. National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association)

*Counsel*

6. Boyden Gray PLLC: Michael Buschbacher, Jared M. Kelson, James R. Conde and Laura B. Ruppalt are counsel for Petitioners.

7. Federal Communications Commission: James M. Carr, P. Michele Ellison, and Jacob M. Lewis are counsel for Respondent FCC.

8. United States Department of Justice: Pamela Bondi, Caroline W. Tan, and Michael S. Raab are counsel for Respondent United States of America.

9. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

10. HWG LLP: Jason Neal and Sean A. Lev are counsel for Intervenor Schools, Health & Libraries Broadband Coalition.

11. Wilkinson Barker Knauer, LLP: Jennifer Tatel, Daniel H. Kahn, and Tyler D. Dillon are counsel for Intervenor National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association).

Dated: January 12, 2026

/s/ *Laura B. Ruppalt*
Laura B. Ruppalt
*Counsel of Record for Petitioners*

# TABLE OF CONTENTS

*Proposed Fourth Quarter 2025 Universal Service Contribution Factor*
(Sept. 15, 2025) ........................................................................ Ex. A

# Ex. A

# PUBLIC NOTICE

**Federal Communications Commission**
**45 L Street NE**
**Washington, DC 20554**

News Media Information 202-418-0500
Internet: www.fcc.gov

---

**DA 25-840**
**Released: September 15, 2025**

## Proposed Fourth Quarter 2025 Universal Service Contribution Factor

CC Docket No. 96-45

In this Public Notice, the Office of Managing Director (OMD) announces that the proposed universal service contribution factor for the fourth quarter of 2025 will be 0.381 or 38.1 percent.[1]

### Rules for Calculating the Contribution Factor

Contributions to the federal universal service support mechanisms are determined using a quarterly contribution factor calculated by the Federal Communications Commission (FCC or Commission).[2] The Commission calculates the quarterly contribution factor based on the ratio of total projected quarterly costs of the universal service support mechanisms to contributors' total projected collected end-user interstate and international telecommunications revenues, net of projected contributions.[3]

### USAC Projections of Demand and Administrative Expenses

Pursuant to section 54.709(a)(3) of the Commission's rules,[4] the Universal Service Administrative Company (USAC) submitted projections of demand and administrative expenses for the fourth quarter of 2025.[5] Under the Commission's direction and the Commission's rules[6], the Wireline Competition Bureau (WCB), in consultation with OMD, directed USAC to apply $100 million in unused Schools & Libraries (E-Rate) program funds to offset the $628.68 million projected E-Rate program demand for the quarter. This offset reduces the fourth quarter 2025 contribution factor to a level below what the contribution factor would have been based on USAC's filings.[7]

Accordingly, the projected demand and expenses are as follows:

---

[1] *See* 47 C.F.R. § 54.709(a).

[2] *See id.*

[3] *See* 47 C.F.R. § 54.709(a)(2).

[4] *See* 47 C.F.R. § 54.709(a)(3).

[5] *See* Federal Universal Service Support Mechanisms Quarterly Fund Size Projections and Contribution Base available at www.usac.org/fcc-filings.

[6] *See* 47 C.F.R. § 54.619(a)(5).

[7] *See* Federal Universal Service Support Mechanisms Quarterly Fund Size Projections available at www.usac.org/fcc-filings.

| Dollars in Millions | | | | |
|---|---|---|---|---|
| USF Programs | Demand | Administrative Expenses | Prior Period Adjustment | Contribution Requirement |
| Schools & Libraries | $528.68 | $22.60 | $0.61 | $551.89 |
| Rural Health Care | $171.64 | $9.33 | $0.12 | $181.09 |
| High Cost | $1,139.11 | $20.03 | $17.62 | $1,176.76 |
| Lifeline | $270.41 | $23.63 | -$50.37 | $243.67 |
| **TOTAL** | **$2,109.84** | **$75.59** | **-$32.02** | **$2,153.41** |

**USAC Projections of Industry Revenues**

USAC submitted projected collected end-user telecommunications revenues for October 2025 through December 2025 based on information contained in the Telecommunications Reporting Worksheet (FCC Form 499-Q)[8].  Accordingly, the total projected collected interstate and international end-user telecommunications revenues for the fourth quarter 2025 is as follows:

$7.870473 billion

**Adjusted Contribution Base**

To determine the quarterly contribution base, the FCC decreases the fourth quarter 2025 estimate of projected collected interstate and international end-user telecommunications revenues by the projected revenue requirement to account for circularity and decrease the result by one percent to account for uncollectible contributions.  Accordingly, the quarterly contribution base for the fourth quarter of 2025 is as follows:

Adjusted Quarterly Contribution Base for Universal Service Support Mechanism

= (Fourth Quarter 2025 Revenues - Projected Revenue Requirement) * (100% - 1%)
= ($7.870473 billion - $2.153410 billion) * 0.99
= $5.659892 billion

**Unadjusted Contribution Factor**

Using the above-described adjusted contribution base and the total program collection (revenue requirement) from the table above, the proposed unadjusted contribution factor for the fourth quarter of 2025 is as follows:

---

[8] *USAC Filings of Quarterly Contribution Base* at 5.

Contribution Factor for Universal Service Support Mechanisms

= Total Program Collection / Adjusted Quarterly Contribution Base
= $2.153410 billion / $5.659892 billion
= 0.380468

**Unadjusted Circularity Factor**

USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter.  Accordingly, the proposed unadjusted circularity factor for the fourth quarter of 2025 is as follows:

Unadjusted Circularity Factor for Universal Service Support Mechanisms

= Total Program Collection / Projected Fourth Quarter 2025 Revenues
= $2.153410 billion / $7.870473 billion
= 0.273606

**Proposed Contribution Factor**

The Commission has directed OMD to announce the contribution factor as a percentage rounded up to the nearest tenth of one percent.[9]  Accordingly, the proposed contribution factor for the fourth quarter of 2025 is as follows:

38.1%

**Proposed Circularity Discount Factor**

The Commission also has directed OMD to account for contribution factor rounding when calculating the circularity discount factor.[10]  Accordingly, the proposed circularity factor for the fourth quarter of 2025 is as follows:

0.274620[11]

**Conclusion**

If the Commission takes no action regarding the projections of demand and administrative expenses and the proposed contribution factor within the 14-day period following release of this Public

---

[9] *See Federal-State Joint Board on Universal Service, 1998 Biennial Regulatory Review – Streamlined Contributor Reporting Requirements Associated with Administration of Telecommunications Relay Service, North American Numbering Plan, Local Number Portability, and Universal Service Support Mechanisms, Telecommunications Services for Individuals with Hearing and Speech Disabilities, and the Americans with Disabilities Act of 1990, Administration of the North American Numbering Plan and North American Numbering Plan Cost Recovery Contribution Factor and Fund Size, Number Resource Optimization, Telephone Number Portability, Truth-in-Billing and Billing Format,* CC Docket Nos. 96-45, 98-171, 90-571, 92-237, 99-200, 95-116, 98-170, Order and Second Order on Reconsideration, 18 FCC Rcd 4818, 4826, para. 22 (2003) (*Second Order on Reconsideration*).

[10] *Id.*

[11] The proposed circularity discount factor = 1 + [(unadjusted circularity discount factor – 1) * (unadjusted contribution factor / proposed contribution factor)].  The proposed circularity discount factor is calculated in a spreadsheet, which means that internal calculations are made with more than 15 decimal places.

Notice, they shall be deemed approved by the Commission.[12]  USAC shall use the contribution factor to calculate universal service contributions for the fourth quarter of 2025.  USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter.[13]  USAC includes contribution obligations less the circularity discount in invoices sent to contributors.  Contribution payments are due on the dates shown on the invoice.  Contributors will pay interest for each day for which the payments are late.  Contributors failing to pay contributions in a timely fashion may be subject to the enforcement provisions of the Communications Act of 1934, as amended, and any other applicable law.  In addition, contributors may be billed by USAC for reasonable costs of collecting overdue contributions.[14]

The FCC also emphasizes that carriers may not markup federal universal service line-item amounts above the contribution factor.[15]  Thus, carriers may not, during the fourth quarter of 2025, recover through a federal universal service line item an amount that exceeds 38.1 percent of the interstate telecommunications charges on a customer's bill.

In addition, under the limited international revenues exception (LIRE) in section 54.706(c) of the Commission's rules, a contributor to the universal service fund whose projected collected interstate end-user telecommunications revenues comprise less than 12 percent of its combined projected collected interstate and international end-user telecommunications revenues shall contribute based only on projected collected interstate end-user telecommunications revenues, net of projected contributions.[16]  The rule is intended to exclude from the contribution base the international end-user telecommunications revenues of any entity whose annual contribution, based on the provider's interstate and international end-user telecommunications revenues, would exceed the amount of its interstate end-user revenues.[17]  The proposed contribution factor exceeds 12 percent, which the FCC recognizes could result in a contributor being required to contribute to the universal service fund an amount that exceeds its interstate end-user telecommunications revenue.  Should a contributor face this situation, the contributor may petition the Commission for waiver of the LIRE threshold.[18]

For further information, please contact Daniel Daly at (202) 418-1832, in the Office of Managing Director.

---

[12] *See* 47 C.F.R. § 54.709(a)(3).

[13] USAC will calculate each individual contributor's contribution in the following manner: (1-Circulatory Factor) * (Contribution Factor*Revenue)

[14] *See* 47 C.F.R. § 54.713.

[15] *See* 47 C.F.R. § 54.712.

[16] *See* 47 C.F.R. § 54.706.

[17] *See Federal-State Joint Board on Universal Service*, Sixteenth Order on Reconsideration, CC Docket No. 96-45, Eighth Report and Order, CC Docket No. 96-45, Sixth Report and Order, Docket No. 96-262, 15 FCC Rcd 1679, 1687-1692, paras. 17-29 (1999) (*Fifth Circuit Remand Order*).

[18] Generally, the Commission's rules may be waived for good cause shown.  47 C.F.R. § 1.3.  The Commission may exercise its discretion to waive a rule where the particular facts make strict compliance inconsistent with the public interest.  *Northeast Cellular Telephone Co. v. FCC*, 897 F.2d 1164, 1166 (D.C. Cir. 1990) (*Northeast Cellular*).  In addition, the Commission may consider considerations of hardship, equity, or more effective implementation of overall policy on an individual basis.  *WAIT Radio v. FCC*, 418 F.2d 1153, 1159 (D.C. Cir. 1969); *Northeast Cellular*, 897 F.2d at 1166.  Waiver of the Commission's rules is therefore appropriate only if special circumstances warrant a deviation from the general rule, and such deviation will serve the public interest.  *Northeast Cellular*, 897 F.2d at 1166; 47 C.F.R. § 54.802(a).