

Federal Communications Commission
Washington, D.C. 20554

June 22, 2026

**BY ELECTRONIC FILING**

Lyle W. Cayce, Clerk
United States Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130

> RE:  *Consumers' Research v. FCC*, No. 25-60535

Dear Mr. Cayce:

In their June 15, 2026 letter, petitioners assert that this Court's opinion in *National Horsemen's Benevolent & Protective Ass'n v. Black*, No. 23-10520 (5th Cir. June 11, 2026) (*Horsemen's III*), confirms that "USAC is a government entity for purposes of the Appointments Clause."  Even if petitioners are correct, their Appointments Clause argument lacks merit.

In assessing whether the Appointments Clause applies to USAC's CEO and directors, "[t]he central question" for the Court is whether those officials are "officers of the United States."  *Arnesen v. Lutnick*, 170 F.4th 965, 973 (5th Cir. 2026).  Respondents explained in their brief (at 51-54) that USAC officials are not "officers of the United States" because they do not exercise "significant authority pursuant to the laws of the United States."  *Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748, 759 (2025) (quoting *Lucia v. SEC*, 585 U.S. 237, 245 (2018)).  As this Court acknowledged in *Horsemen's III*, the Supreme Court concluded that USAC plays "only an 'advisory role'" in the FCC's implementation of its universal service programs.  Slip op. at 32 (quoting *FCC v. Consumers' Rsch.*, 606 U.S. 656, 693 (2025)).  Because USAC officials are "mere advisors" to the Commission, they are "not subject to the Appointments Clause."  *Arnesen*, 170 F.4th at 973.

> Respectfully submitted,
>
> /s/James M. Carr
>
> James M. Carr
> Counsel

cc: Counsel for all parties (via ECF)